**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole M Roegner, | No. CV-20-01974-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Nicole M. Roegner challenges the denial of her Application for Disability Insurance Benefits under the Social Security Act ("the Act") by Defendant, the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). Plaintiff filed a Complaint with this Court seeking judicial review of that denial (Doc. 1), and the Court now addresses Plaintiff's Opening Brief (Doc. 14, Pl. Br.), Defendant's Response Brief (Doc. 15, Def. Br.), and Plaintiff's Reply (Doc. 16, Reply). The Court has reviewed the briefs and Administrative Record. (Doc. 11, AR.) Defendant concedes the ALJ erred by failing to address a physician's statement regarding Plaintiff's fatigue, but argues further proceedings are appropriate. (Def. Br. at 2.) Plaintiff argues the appropriate remedy is remand for payment of benefits. (Reply at 1.) The Court reverses the Administrative Law Judge's ("ALJ") decision and remands for further proceedings.

## I.    PROCEDURAL HISTORY

Plaintiff completed an application for Disability Insurance benefits in June 2017 alleging disability beginning January 1, 2014. (AR. at 13, 219-20.) The Social Security

Administration ("SSA") denied Plaintiff's claim at the initial and reconsideration levels of administrative review. (AR. at 139-43, 145-51.) Plaintiff timely requested an administrative hearing. (AR. at 153-54.) ALJ Patricia Bucci conducted a hearing on March 2, 2020. (AR. at 36-73.) At that hearing, Plaintiff testified under examination by her attorney and the ALJ. Vocational Expert ("VE") Mark J. Kelman also testified at the hearing. ALJ Bucci issued a written decision denying Plaintiff's claim on April 2, 2020. (AR. at 13-33.) The Social Security Appeals Council upheld the ALJ's denial in a letter dated August 28, 2020. (AR. at 1-6). Plaintiff sought judicial review on October 9, 2020. (Doc. 1.)

## II.    SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial, gainful work activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the analysis proceeds to step four, where the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. *Id.* If she cannot, the analysis proceeds to the fifth and final step, where the ALJ determines if the claimant can perform any other work in the national economy based on her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant cannot, she is disabled. *Id.*

This Court may set aside the Commissioner's disability determination only if the

1  determination is not supported by substantial evidence or is based on legal error. *Orn v.*
2  *Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but
3  less than a preponderance; it is relevant evidence that a reasonable person might accept as
4  adequate to support a conclusion considering the record as a whole. *Id.* In determining
5  whether substantial evidence supports a decision, the court must consider the record as a
6  whole and may not affirm simply by isolating a "specific quantum of supporting evidence."
7  *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational
8  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be
9  upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

10  ## III.   THE ALJ DECISION

11       In the unfavorable decision, the ALJ found claimant had not engaged in
12  disqualifying substantial, gainful employment, and that she suffered severe impairments
13  including Lyme disease, degenerative disc disease, fibromyalgia, and depressive and
14  anxiety disorders. (AR. at 15.) The ALJ concluded Plaintiff's impairments did not meet or
15  medically equal a Listing. (AR. at 16-17.) The ALJ found Plaintiff capable of performing
16  sedentary work with postural and environmental limitations and the ability to understand,
17  remember, and carry out simple instructions, exercise simple judgment, and handle routine
18  changes in a work setting. (AR. at 17.) The ALJ found Plaintiff could not perform her own
19  past relevant work but could perform other work in the national economy. (AR. at 21-22.)
20  The ALJ deemed the opinion of the consultative examiner, Dr. Robert Gordon, and the
21  opinions of Plaintiff's treating physician, Dr. Martha Grout, to be unpersuasive. (AR. at
22  20-21.) The ALJ found the opinions of the state agency consultants to be persuasive and
23  the opinion of the mental consultative examiner to be "somewhat persuasive." (AR. at 19-
24  20.) The ALJ found Plaintiff's symptom testimony was not consistent with the evidence
25  and provided several reasons in support. (AR. at 18-19.)

26  ## IV.   DISCUSSION

27       Plaintiff presents five issues on appeal: (1) whether the ALJ provided legally
28  sufficient reasons for rejecting the opinions of Plaintiff's treating physicians and the

consultative examiner, and whether the ALJ erred by not including these doctors' work preclusive limitations in her RFC finding; (2) whether the ALJ provided clear, convincing reasons for rejecting Plaintiff's symptom testimony; (3) whether the ALJ provided legally sufficient reasons for rejecting the statements of lay witnesses; (4) whether the ALJ erred by "[r]elying on vocational testimony given in response to an incomplete hypothetical question[,]"; and (5) whether remand for payment of benefits is appropriate (Pl. Br. at 1-2, 16-17.) Defendant concedes the ALJ erred by not addressing the consultative examiner's opinion regarding Plaintiff's fatigue, but argues "great doubt exists as to whether Plaintiff was disabled . . . ." (Def. Br. at 2.) As such, Defendant argues further proceedings are appropriate. (Def. Br. at 2.) Plaintiff argues the elements of the credit-as-true rule are satisfied, and that remand for payment of benefits is the appropriate remedy. (Reply at 1.) The Court finds further proceedings would be useful and that the credit-as-true elements are not satisfied. Consequently, the Court remands for further proceedings.

### a. The ALJ erred with respect to Dr. Robert Gordon, but did not err with respect to Dr. Martha Grout.

Under new regulations regarding the consideration of medical opinion evidence, an ALJ should not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)."[1] 20 C.F.R. § 404.1520c(a). The ALJ must instead evaluate the opinion's overall persuasiveness and articulate her conclusion using two key factors: "supportability" and "consistency." 20 C.F.R. § 404.1520c(a).[2] The ALJ is not required to explain how she considered other factors—such as the nature of the relationship with the claimant; the frequency of examinations; or the doctor's specialization—unless

---

[1] The new regulations apply to claims filed on or after March 27, 2017, which is the case here.

[2] Regarding the supportability factor, the regulation explains the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). Regarding consistency, the "more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

the ALJ concludes that two or more medical opinions about the same issue are equally well-supported and consistent with the record, but not identical. *See* 20 C.F.R. § 404.1520c(b)(3). The ALJ must provide legally sufficient reasons supported by substantial evidence to justify her conclusions. *See* 42 U.S.C. § 405(j); *e.g.*, *Garcia v. Comm'r of Soc. Sec. Admin.*, No. CV-20-08258-PCT-DLR, 2021 WL 5822642, at *2-3 (D. Ariz. Dec. 8, 2021).

### i. Dr. Robert Gordon

In February 2018, Dr. Robert Gordon examined Plaintiff upon referral from Disability Determination Services. (AR. at 1482-89.) During the exam, Plaintiff exhibited 18 of 18 fibromyalgia tender points with 4 kilograms of pressure applied with palpation. (AR. at 1486.) Dr. Gordon noted Plaintiff exhibited range of motion within normal limits, normal deep tendon reflexes, normal sensation, normal muscle bulk, full strength, and a normal back exam, except with tenderness to palpation. (AR. at 1485.) He opined Plaintiff could lift 20-pound objects occasionally and 10-pound objects frequently; sit, stand, or walk for six-to-eight hours in a workday; frequently climb, balance, stoop, kneel, crouch, or crawl; and frequently use both upper extremities for reaching, handling, and fingering.[3] (AR. at 1488-89.) Responding to a prompt regarding fatigue, Dr. Gordon opined, "Based on the claimant's multiple medical conditions, it is reasonable to believe that she may suffer from severe fatigue and be unable to complete an 8-hour workday or 40-hour workweek." (AR. at 1489.)

In the decision, the ALJ deemed Dr. Gordon's opinion "to be of little persuasiveness." (AR. at 20.) The ALJ noted that while Dr. Gordon cited evidence to justify Plaintiff's limitations with hand use, none of that evidence applied to the manipulative limitations Dr. Gordon assigned. (AR. at 20.) The ALJ further noted Dr. Gordon found "no underlying rheumatological disorder" despite "detailed inspection of the extremities[,]" and that he documented normal strength, including grip strength. (AR. at 20.) Defendant asserts the ALJ did not address Dr. Gordon's conclusion regarding Plaintiff's fatigue, and

---

[3] Dr. Gordon assigned other environmental restrictions. (AR. at 1489.)

1  that this is legal error.[4] (Def. Br. at 2.) Plaintiff urges the Court to credit Dr. Gordon's

2  evidence as true and remand for payment of benefits. (Reply at 1.)

3         In support of her decision to find Dr. Gordon's opinion unpersuasive, the ALJ noted

4  inconsistencies between Dr. Gordon's examination findings and the conclusions he

5  reached. (AR. at 20.) While the ALJ did not explicitly address Dr. Gordon's conclusion

6  regarding Plaintiff's fatigue, it is unclear to the Court that accepting Dr. Gordon's opinion

7  as true would necessarily result in a finding Plaintiff is disabled. Dr. Gordon indicated "it

8  is reasonable to believe that [Plaintiff] *may* suffer from severe fatigue . . ." rendering her

9  disabled. (AR. at 1489, emphasis added.) This statement is inconclusive.[5] Moreover, and

10  as Defendant points out, the ALJ sought to reject Plaintiff's complaints of disabling fatigue

11  elsewhere in the decision by noting provider observations that Plaintiff appeared alert and

12  oriented for treatment visits. (AR. at 19.) In other words, the ALJ rejected the notion

13  Plaintiff suffers from disabling fatigue but did not address that specific aspect of Dr.

14  Gordon's report. In its discretion, the Court elects to remand for additional proceedings.

15  *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) ("If additional proceedings can

16  remedy defects in the original administrative proceedings, a social security case should be

17  remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal is

18  appropriate. This decision lies within the discretion of the court.") (footnotes omitted). This

19  Court cannot assuredly conclude that a remand for additional proceedings would simply

20  delay the receipt of benefits. This error notwithstanding, the ALJ's rejection of Dr. Martha

21  Grout's opinion, Plaintiff's testimony, and her consideration of the lay witness evidence

22  bear some additional discussion here, as each could independently justify remand for

23

24  _____

[4] Federal regulation, 20 C.F.R. § 404.1520c(b) provides, "We will articulate in our
determination or decision how persuasive we find *all* of the medical opinions and *all* of the

25  prior administrative medical findings in your case record." (emphasis added). The ALJ
may have addressed aspects of Dr. Gordon's opinion, but she omitted discussion of a

26  critical point potentially supporting Plaintiff's claim. An ALJ errs when she fails to account
for limitations supported by the record. *See Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir.

27  1988).

[5] In Plaintiff's hypothetical question to the VE based on Dr. Gordon's report, counsel

28  presumed unequivocally that the hypothetical individual would be unable to complete a
normal workday or work week due to fatigue. (AR. at 70.)

1  payment of benefits under the credit-as-true rule.

2  ## ii. Dr. Martha Grout

3  Throughout the relevant period, Plaintiff's treating family physician, Martha Grout,

4  M.D. completed several statements endorsing Plaintiff's inability to work.[6] (AR. at 930,

5  1094, 1453-55, 1836-38.) Notably, on January 8, 2020, Dr. Grout completed a Physical

6  Capacities Evaluation form indicating Plaintiff could only sit for 20 minutes, stand for 10

7  minutes, and walk for 10 minutes total, in an eight-hour workday.[7] (AR. at 1836.)

8  In the decision, the ALJ noted Dr. Grout's assessments were "extreme and not

9  consistent with the record." (AR. at 20.) The ALJ concluded Dr. Grout "overly relied on

10 the claimant's subjective complaints, as evidenced by the mostly subjective support listed

11 in his letter[,]" and noted the "paucity of objective observations regarding lethargy and

12 distress." (AR. at 20.) The ALJ noted the lack of objective evidence, including "disabling

13 abnormalities" on imaging and normal physical examinations. (AR. at 20.) She indicated

14 "claimant's pain and fatigue significantly improved with treatment." (AR. at 20.) The ALJ

15 also cited Plaintiff's daily activities, which included travelling to Florida, going to church

16 sales, and shopping. (AR. at 20.)

17 The Court finds the ALJ provided legally sufficient reasons supported by substantial

18 evidence for rejecting Dr. Grout's opinions. There is substantial evidence to support the

19 conclusion the limitations Dr. Grout assigned amounting to 40 minutes of combined sitting,

20 standing, and walking across an eight-hour workday are inconsistent with Plaintiff's

21 reported daily activities and are extreme considering the larger evidentiary record. *Ghanim*

22 *v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (inconsistencies between the limitations a

23

24 [6] In a treatment note from August 2017, Dr. Grout concluded, "[Plaintiff] is no longer able to perform the functions of her job as associate art director at the Phoenix [*sic*] or any other position which requires focus and concentration and good short term memory." (AR. at 1094.) Dr. Grout reiterated this opinion in a letter from March 2018. (AR. at 930.) Attached

25 to Plaintiff's Complaint is a May 2020 letter from Dr. Grout addressing the ALJ's decision. (Compl., Ex. 1.) Plaintiff apparently submitted this letter to the Appeals Council (AR. at

26 427), and the Appeals Council considered it before denying review. (AR. at 2.)

27 [7] Elsewhere in her treatment notes and letters, Dr. Grout noted Plaintiff's ability to lift only limited weights ("10 pounds maximum"), only occasionally stoop and bend, and her

28 limited ability to walk. (AR. at 930, 1094.)

treating physician assigned and a claimant's daily activities "may justify rejecting a treating provider's opinion.") (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600–02 (9th Cir.1999)); *Rollins v. Massanari*, 261 F.3d 853 (9th Cir. 2001) (upholding the ALJ's rationale that "some of [the treating doctor's] recommendations were so extreme as to be implausible and were not supported by any findings made by any doctor, including [the treating doctor.]") At the hearing, Plaintiff testified she spends four-to-five hours per week on her eBay business buying items from church sales and auctions and reselling them through the site. (AR. at 42-43.) Plaintiff testified on a good day she will travel with her partner to collect and mail items she won at auction or that she sold, before returning home to have lunch and go to bed.[8] (AR. at 49.) There are other references to Plaintiff's eBay business in the record which illustrate her involvement.[9] (AR. at 738, 1125, 1121.) While apparently not consistent with the physical requirements of full-time competitive work, this activity still contradicts the severe physical limitations Dr. Grout assigned.

Notations of improvement in the record also constitute a valid reason to reject Dr. Grout's opinions. As noted further below, there are repeated indications of symptomatic improvement or general well-being throughout the relevant period. (AR. at 449, 451-52, 1058, 1085, 1121, 1125, 1190, 1215, 1472, 1845, 1847, 1852-53, 1855). The Court acknowledges that "occasional indicia of improvement" were insufficient to reject a treating physician's opinion under prior regulations. *Ghanim*, 763 F.3d at 1162. Here, and as explained again below however, the Court finds Plaintiff's reports of improvement exist throughout the relevant period and there is substantial evidence to support the ALJ's conclusion.[10] *See Rollins*, 261 F.3d at 856 (noting that medical improvement can be a

---

[8] She testified that twice a week she is not well enough to do this. (AR. at 58.)

[9] In April 2018, Plaintiff reported to nurse practitioner Lindsay Stream that "[s]he is working doing Ebay and enjoys this, they go to estate sales and they are selling things significantly." (AR. at 1121.)

[10] In Dr. Grout's May 2020 letter, she concedes Plaintiff has "significantly improved from when [she] first saw her," but states "[t]he question is whether she has improved sufficiently to be able to go back to her old job, or indeed to go back to any job." (Compl., Ex. 1 at 1). The Court finds this does not change the analysis. In fact, Dr. Grout confirms the limitations she assigned were based on Plaintiff's reported symptoms, which would traditionally constitute another reason supported by substantial evidence to reject this

specific and legitimate reason for rejecting a physician's medical opinion under the prior regulations). Substantial evidence supports the ALJ's decision to find Dr. Grout's opinion unpersuasive. Even assuming the "specific, legitimate" standard[11] for rejecting a controverted treating physician's opinion is upheld by the Ninth Circuit despite the regulatory change, the Court finds the reasons the ALJ cited here would satisfy that standard.

Because the ALJ cited legally sufficient reasons supported by substantial evidence for rejecting Dr. Grout's opinion, the Court need not address the ALJ's other reasons.[12] *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-63 (9th Cir. 2008) (holding invalid reasons for rejecting the claimant's symptom testimony did not negate the validity of the ALJ's credibility determination overall, as the ALJ cited other clear, convincing reasons supported by substantial evidence). Consequently, the ALJ did not err.

### b. The ALJ rejected Plaintiff's symptom testimony citing clear, convincing reasons supported by substantial evidence.

An ALJ performs a two–step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony

---

opinion. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.2001).

[11] *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

[12] The ALJ separately addressed Dr. Grout's statements regarding Plaintiff's mental health or cognitive symptoms and found them to be unpersuasive based upon separate reasons, including the doctor's failure to provide objective support, inconsistencies between her opinion and the medical record, Plaintiff's self-employment, Plaintiff's ability to maintain a close personal relationship, and observations of Plaintiff's normal insight and judgment. (AR. at 21.) Plaintiff does not specifically discuss or assign error to the ALJ's treatment of this evidence. (Pl. Br. at 7-11.) Plaintiff addresses only the ALJ's reasons for rejecting Dr. Grout's "physical conclusions." (Pl. Br. at 8, AR. at 20.) Consequently, the Court limits its analysis to those reasons the ALJ provided for rejecting Dr. Grout's physical assessments.

1   about the severity of her symptoms only by offering specific, clear and convincing reasons

2   for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281

3   (9th Cir. 1996)).

4         The ALJ concluded Plaintiff had medically determinable impairments which "could

5   reasonably be expected to cause the alleged symptoms," but that "[Plaintiff's] statements

6   concerning the intensity, persistence and limiting effects of these symptoms are not entirely

7   consistent with the medical evidence and other evidence in the record . . . ." (AR. at 18.)

8   The ALJ provided several reasons, including that Plaintiff's work activity during the

9   relevant period, while not reaching the substantial gainful activity threshold which could

10  disqualify her from benefits, "indicate[s] that the [Plaintiff's] daily activities have been

11  greater than what would be expected given the [Plaintiff's] allegations of disabling pain

12  and fatigue." (AR. at 18.) The ALJ noted that while clinical and laboratory evidence

13  supports Plaintiff's diagnoses of fibromyalgia and Lyme's disease, "the objective evidence

14  does not support the degree of fatigue alleged by the claimant." (AR. at 18.) The ALJ cited

15  observations from Plaintiff's providers that she was "alert" and "oriented," rather than

16  "tired, fatigued, or lethargic," and that their observations, clinical findings, and diagnostic

17  imaging likewise did not support a level of disabling pain. (AR. at 18-19.) The ALJ also

18  cited improvement in Plaintiff's conditions with treatment and the lack of psychiatric

19  hospitalizations. (AR. at 19.)

20        The Court finds Plaintiff's reported improvement to be a clear, convincing reason

21  supported by substantial evidence. The ALJ cited several specific references to Plaintiff's

22  reports of improvement (AR. at 1058, 1085, 1190, 1845, 1852, 1853, 1855), and there are

23  others in the record (AR. at 449, 451-52, 1121, 1125, 1215, 1472, 1847). The Court is

24  aware that notations of improvement are not probative in isolation and must reflect a

25  broader general development in the Plaintiff's course of treatment to satisfy the clear,

26  convincing standard. *Garrison*, 759 F.3d at 1018. There are ample reports of improvement

27  or general good health that range throughout the relevant period and substantial evidence

28  supports this finding considering the record as a whole. (AR. at 451-52, 1058, 1074, 1190,

1215, 1472-73, 1847.) Because the ALJ provided a clear, convincing reason for rejecting Plaintiff's symptom testimony, any other errors in the ALJ's credibility determination are "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Carmickle*, 533 F.3d at 1161-63. Consequently, the ALJ did not err.

  **c. Further proceedings are warranted regarding the ALJ's treatment of the lay witness statements.**

  In the decision, the ALJ stated, "[T]he undersigned did not provide articulation about the evidence that is inherently neither valuable nor persuasive in accordance with 20 C.F.R. § 404.1520b(c). Specifically, here, the undersigned has considered but provided no analysis for third party statements of friends, family members, [and] spouses: 15E, 25E, 74F."[13] (AR. at 19.) Section 404.1520b(c), however, does not preclude discussion or analysis of lay witness statements on the grounds that they are "inherently neither valuable nor persuasive." *Id*. As the ALJ noted in her decision (AR. at 19), section 404.1520b(c) precludes discussion or analysis of statements from other governmental agencies or nongovernmental entities, prior findings by state agency disability examiners, and statements expressing conclusions reserved to the Commissioner, such as whether a claimant has a severe impairment as defined in the Act, whether her impairment meets or medically equals a Listing, or whether her RFC prevents her from doing past relevant work. *Id*. On the other hand, 20 C.F.R. § 404.1520c(d), provides, "We are not required to articulate how we considered evidence from nonmedical sources using the requirements [for addressing opinion evidence]." This regulation does not excuse an ALJ from considering nonmedical evidence; it only excuses the ALJ from explaining how she considered it.[14] *See id*. Here, while the ALJ considered the evidence, it is difficult to discern

[13] As Defendant noted (Def. Br. at 10), the ALJ erroneously cited Exhibit 15E, instead of 5E, the August 2017 Third Party Adult Function Report completed by Plaintiff's father, Donald Roegner. (AR. at 283-90.) Exhibit 25E denotes a Third Party Activities of Daily Living Questionnaire completed by Donald J. Dees, Plaintiff's domestic partner, in February 2020. (AR. at 418-24.) Exhibit 74F denotes a January 2020 letter completed by Mr. Roegner. (AR. at 1968.)

[14] "Nonmedical source means a source of evidence who is not a medical source. This

whether the ALJ failed to articulate discussion of the lay witnesses because of a citation to the wrong regulation, or because she erroneously believed lay witness statements "are inherently neither valuable nor persuasive." (AR. at 19.) While it seems the ALJ's error—as long as she at least considered the lay witness statements—was harmless, the ALJ may have erred to the extent she believed the lay witness statements "are inherently neither valuable nor persuasive." Because the ALJ's treatment of the lay witness statements is unclear, the Court finds further proceedings would be useful.[15]

### d. The Court presumes the ALJ erred at step five, but elects to remand for additional proceedings.

Plaintiff argues the ALJ erred by adopting an RFC that is inconsistent with the requirements of two of the three jobs the ALJ identified. (Pl. Br. at 15-16.) Plaintiff also argues the VE's testimony had no evidentiary value because the ALJ did not include in her hypotheticals all limitations supported by the record. (Pl. Br. at 15-16.) As Plaintiff noted in her Reply (Reply at 3), Defendant does not address these issues regarding the ALJ's errors at step five. Consequently, the Court "presumes that Plaintiff's allegations of error . . . are meritorious and accordingly finds that the ALJ erred . . . ." *Landeros Zamora v. Comm'r of Soc. Sec. Admin.*, No. CV-19-05119-PHX-DLR, 2020 WL 5810060, at *3 (D. Ariz. Sept. 30, 2020). This error notwithstanding, the decision to remand for payment or additional proceedings is still within the discretion of the Court. *Id.* at *5 (citations omitted). The Court will remand for further proceedings, giving each side an opportunity to elicit further testimony from an expert on these issues or otherwise develop the record.

### e. Remand for further proceedings is appropriate.

The Court finds further proceedings will serve the useful purposes of providing an opportunity for the ALJ to clarify her treatment of the lay witness evidence and her conclusions regarding Dr. Gordon's report. In a credit-as-true analysis, further proceedings

---

includes, but is not limited to: . . . (4) Family members, caregivers, friends, neighbors, employers, and clergy." 20 C.F.R. § 404.1502(e)(4).

[15] The Court need not address whether § 404.1520c(d) supersedes Ninth Circuit precedent requiring "germane reasons" to reject lay witness statements. *E.g.*, *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

are considered useful when there are conflicts and ambiguities that must be resolved. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (citations omitted). Such is the case here, but even if all elements of the credit-as-true rule are satisfied, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. Defendant points to evidence in the record—in particular, notations Plaintiff was repeatedly alert and oriented upon examination (Def. Br. at 7)—that precludes the Court from finding with certainty that Plaintiff is disabled under the Act. Hence, application of the credit-as-true rule is not appropriate, and the Court will remand for further proceedings.

**IT IS THEREFORE ORDERED** reversing the April 2, 2020 decision of the Commissioner of Social Security (AR. at 13-33) and remanding this matter for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 8th day of April, 2022.

Douglas L. Rayes
United States District Judge

- 13 -